# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STEVEN STECKENRIDER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 04-3358-CM** |
| | ) | **No. 03-20039-02-CM** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 8, 2003, defendant was charged in a four-count Indictment.  Count One charges defendant with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846; Count Two charges managing a residence for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 856(a)(2); Count Three charges possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and Count Four charges using and carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

On July 31, 2003, petitioner entered into a plea agreement with the United States and pleaded guilty to Count One.  The plea agreement contained a waiver of appeal and collateral attack.  Specifically, defendant waived the right to appeal his conviction and sentence imposed within the guideline range determined by the court, except to the extent that the court departed upwards from the applicable guideline range.

On October 29, 2003, the court sentenced defendant to 188 months imprisonment based on a total

offense level of 35 and a criminal history category of II.  The applicable sentencing guideline range was 188 to 235 months.

On October 12, 2004, defendant filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 68).  Defendant claims that (1) the court violated the Sixth Amendment when it increased defendant's sentence by (a) making a factual determination regarding the quantity of drugs involved and (b) imposing a two-level gun enhancement absent admissions by defendant regarding a gun; (2) his counsel was ineffective for failing to object to the court's fact-finding regarding the drug quantity and the gun enhancement; and (3) his counsel was ineffective when he failed to file a notice of appeal.  For the following reasons, the court denies defendant's petition.

## I.     Plea Agreement

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence.  The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Generally, a knowing and voluntary waiver of § 2255 rights is enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

### A.     *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction and sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Defendant argues that the first two issues raised in his motion fall outside the scope of the waiver because the court sentenced defendant above the applicable guideline range. Defendant contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), the court selected a guideline range by impermissible means – by judicial fact-finding. According to defendant, the court made findings of fact which served to increase his sentence, in effect departing upward from the proper sentencing range. Defendant preserved the right to appeal an upward departure.

Defendant's argument is unavailing for several reasons. First, *Apprendi* held that "other than the

fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt."  530 U.S. at 490. Defendant pleaded guilty to an offense for which the minimum sentence was ten years and the maximum sentence was life imprisonment.  Defendant's sentence, 188 months, was well within this range.  *Apprendi* does not entitle defendant to relief.

Second, *Blakely* also does not help defendant's cause.  The court entered judgment in this case in 2003, and the Supreme Court issued *Blakely* in 2004.  Because *Blakely* does not apply retroactively, *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), defendant is not entitled to relief.

And third, to the extent that defendant challenges the gun enhancement, his challenge relates to an enhancement, not an upward departure.  *See United States v. Golden*, 151 Fed. Appx. 716, 719 (10th Cir. 2005) (citing *United States v. Waugh*, 207 F.3d 1098, 1101 (8th Cir. 2000) (noting that enhancements and departures are "two very different concepts")).

For these reasons, the court determines that defendant's first two claims – (1) that the court violated the Sixth Amendment by making a factual determination regarding the quantity of drugs involved and imposing a two-level gun enhancement; and (2) that his counsel was ineffective for failing to object to the court's fact-finding regarding the drug quantity and the gun enhancement – fall within the scope of the plea agreement waiver.

## B.    *Knowing and Voluntary*

Defendant does not contest that his waiver was knowing and voluntary, but the court will briefly

address the issue out of an abundance of caution.[1]  In determining whether defendant's waiver was

knowing and voluntarily, the court looks to the language of the plea agreement and the court's Rule 11

colloquy with defendant.  *See Hahn*, 359 F.3d at 1325.  As previously noted, the plea agreement expressly

states that "[d]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any

matter in connection with this prosecution, conviction and sentence."  *See United States v. Cervantes*,

2004 WL 1798305, at *10 (10th Cir. Aug. 12, 2004) (rejecting argument that waiver was not knowing or

voluntary where plea agreement expressly stated otherwise); *United States v. Elliott*, 264 F.3d 1171,

1174 n.1 (10th Cir. 2001).  The court also has reviewed the transcript of the change of plea hearing, and

finds that during that hearing, defendant confirmed that he understood the terms of the plea agreement and

that he was pleading guilty freely and voluntarily and of his own will.  The court finds no basis in the record

for finding that defendant's plea was not knowing and voluntary.

**C.**     ***Miscarriage of Justice***

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible

---

[1]  In his initial brief, defendant does make one argument that could be construed as an argument that
his plea was not knowing and voluntary.  He states:

> In order to obtain Movant's consent to enter into a plea agreement, Movant's counsel
> egregiously misadvised him as to the law.  Specifically, [counsel] told movant all the
> Government had to prove at trial was the existence of the conspiracy, and the fact that the
> conspiracy involved 50 grams or more of cocaine base.  He told Movant the Government
> would then establish the drug quantity to be used for sentencing purposes by a mere
> preponderance of the evidence, and the Court would then apply the relevant guideline to
> the drug quantity found by the Court utilizing a preponderance of the evidence as the
> evidentiary standard.

This claim is another rendition of defendant's argument that the court improperly sentenced him based on a
drug quantity not found by a jury.  For the reasons previously stated, this argument results from a
misunderstanding of the law.

factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the

negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise

unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation

of judicial proceedings. *Hahn*, 359 F.3d at 1327. Again, defendant's sentence falls well within the

guideline range and the statutory limits. Defendant has offered no other reason why enforcement of the

waiver would result in a miscarriage of justice, and the court finds none.

## II.        Failure to File Notice of Appeal

Defendant also argues that his counsel was ineffective because he failed to discuss with defendant

the potential issues for appeal or file a notice of appeal. If a client specifically instructs his attorney to file an

appeal and the attorney disregards those instructions, then the attorney has acted in an unreasonable and

presumptively prejudicial manner. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *United States*

*v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003). But if the client has not clearly conveyed his wishes,

the court must consider whether counsel had an affirmative duty to consult with the client regarding an

appeal. *Flores-Ortega*, 528 U.S. at 480. Such a duty exists "when there is reason to think either (1) that

a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for

appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in

appealing." *Id.*

> In making this determination, courts must take into account all the information counsel knew
> or should have known. Although not determinative, a highly relevant factor in this inquiry
> will be whether the conviction follows a trial or a guilty plea, both because a guilty plea
> reduces the scope of potentially appealable issues and because such a plea may indicate
> that the defendant seeks an end to judicial proceedings. Even in cases when the defendant
> pleads guilty, the court must consider such factors as whether the defendant received the
> sentence bargained for as part of the plea and whether the plea expressly reserved or

waived some or all appeal rights.  Only by considering all relevant factors in a given case
can a court properly determine whether a rational defendant would have desired an appeal
or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* (internal citation omitted).  The court should engage in this analysis regardless of whether a plea

agreement includes a waiver of appeal.  *See United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir.

2005).

The court construes a *pro se* litigant's pleading liberally, but does not relieve him of the burden to

allege sufficient facts upon which a legal claim can be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).  Defendant's allegation that his counsel should have filed an appeal lacks evidentiary support.

The court is not required to hold an evidentiary hearing when a claim of ineffective assistance is

unsupported by specific facts.  *Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).

Defendant does not allege that he instructed his counsel to file an appeal.  Neither does he allege

any facts from which the court could reasonably infer that a rational defendant would have wanted to

appeal or counsel should have known that defendant would want to appeal.  The court fails to see any

nonfrivolous grounds for appeal in this case.  Defendant pleaded guilty to the charges.  According to

defendant, his counsel informed him before the plea that he would be sentenced based on facts found by a

preponderance of the evidence.  Defendant was sentenced at the low end of the applicable guideline range,

which was significantly lower than the statutory maximum – life in prison.  And the plea agreement expressly

waived all appeal rights other than (1) the right to bring a *Cockerham* motion; (2) the right to appeal if the

court departed from the applicable sentencing guideline range; and (3) the right to appeal if the government

appealed.  This indicates that defendant sought an end to judicial proceedings.  *See United States v. Ellis*,

2005 WL 2035055, at *11 (D. Kan. Aug. 23, 2005).  The court finds no basis on which to conclude that

defendant's counsel should have filed a notice of appeal.

**III.  Conclusion**

The files and records conclusively show that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 68) is denied.

Dated this 31st day of March 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**